U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
MAR 2 3 2015
CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

*AO 91 (Rev. 02/09) Criminal Complaint*

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas
Texarkana Division

United States of America
v.
JAY PATEL
*Defendant*

Case No. 4:15MJ4002

## CRIMINAL COMPLAINT

I, the Complainant in this case, state that the following is true to the best of my knowledge and belief.

From on or about September 2009 to on or about May, 2011, in the county of Nevada, in the Western District of Arkansas, the defendant, **JAY PATEL**, did knowingly and with intent to defraud, effect transactions with access devices, namely credit card account numbers belonging to Ryder Company, to receive payments totaling in excess of $1,000.00, said conduct affecting interstate commerce to wit: the defendant conducted unauthorized transactions at the Horizon Food Mart in Prescott, Arkansas, thereby obtained unauthorized payments in excess of $1,000.00 in fraudulent payments from Ryder Company, in violation of Title 18 U.S.C. § 1029(a)(5) and (c)(1)(a)(ii).

This criminal complaint is based on these facts:

☒ Continued on the attached sheet.

Jeremy Ridenour
HSI Special Agent

Sworn to before me and signed in my presence.

Date: March 23, 2015

*Judge's signature*

City and State: Texarkana, Arkansas

Barry A. Bryant, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Jeremy T. Ridenour, of Homeland Security Investigations (HSI) being duly sworn, hereby depose and say:

1. I am a Special Agent with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) presently assigned to the HSI office in Texarkana, Arkansas. I have been employed as a Special Agent with HSI and its predecessor agency, the United States Immigration and Naturalization Service, since April 2002. Prior to becoming a Special Agent, I was a Border Patrol Agent for over three years.

2. This Affidavit is made in support of a criminal complaint against and arrest warrant for **JAY PATEL** (Date of Birth - 7/2/1988) for Fraudulent Use of Access Devices in violation of 18 U.S.C. § 1029(a)(5). Your affiant has set forth only those facts which your affiant believes are necessary to establish probable cause.

3. Based on my personal knowledge and on information provided by other officers involved in this investigation I have learned the following:

4. In approximately March 2012, Ryder Corporation (Ryder) noticed an unusually high use of corporate fuel credit cards by Ryder drivers to purchase fuel at Horizon Food Mart, 520 Highway 19N, Prescott, Arkansas. Ryder Corporate Security contacted the Arkansas State Police, who in turn contacted the FBI for assistance in the investigation. Ryder officials provided the investigating agencies information indicating that fraudulent credit card transactions were being actively charged against their accounts with no supporting documents for the purchases. Ryder identified several cards as primarily and actively used for fraudulent activity at the Horizon Food Mart. Ryder identified Comdata Corporation (Comdata) as the provider of the corporate fuel credit cards. Ryder security officials identified the drivers in possession of each identified card and confirmed physical possession of the cards. Each driver indicated that they did not purchase fuel at Horizon Food Mart, and that the charges to their fuel cards were not authorized. Ryder indicated that according to their audit, Horizon Food Mart has made fraudulent fuel

charges to various corporate fuel cards between September 2009 and May 31, 2012, which totaled over $740,000.00. From September 2009 through May 2011, the time frame that **JAY PATEL** was working at Horizon Food Mart, Ryder was able to determine $159,168.45 in fraudulent transactions were processed.

5. On June 1, 2012, Sadiq Lakhani, a manager at Horizon Food Mart, was arrested for Fraudulent Use of Access Devices in violation of 18 U.S.C. § 1029(a)(5). Subsequent to his arrest, Sadiq Lakhani was interviewed several times and stated that he was trained by **JAY PATEL** for approximately three weeks prior to **PATEL** leaving and that **PATEL** introduced him to Kenneth Luke, a driver for Ryder. Lakhani advised that the owner of Horizon Food Mart told **PATEL** to train Lakhani on how to run Comdata fuel credit card transactions with Luke. **JAY PATEL** told Lakhani that Luke received one-half of each fraudulent transaction's total in cash. Lakhani observed **PATEL** process approximately eight fraudulent transactions a day and observed **PATEL** speaking to Luke on the telephone.

6. On August 10, 2012, **JAY PATEL** was interviewed by Agents of the FBI and Arkansas State Police. During this interview, **PATEL** admitted to having committed numerous fraudulent transactions at Horizon Food Mart, over an unknown period of time. **PATEL** advised he was willing to cooperate with the investigation. During a subsequent interview, **PATEL** denied involvement in the fraudulent scheme.

7. On July 3, 2014, Kenneth Luke was interviewed by an agent of the FBI and he stated that he had previously worked as a driver for Ryder Corporation, driving routes between Dallas, Texas and Prescott, Arkansas. Luke admitted he conducted fraudulent transactions with **JAY PATEL**, as well as others prior to **PATEL**'s employment at Horizon Food Mart and after **PATEL** left Horizon Food Mart. Luke obtained Comdata credit card numbers from Ryder's facility in Dallas, Texas, by taking a picture of the numbers listed on a chalkboard with his cell phone. Luke provided these credit card numbers to **PATEL** in exchange for cash. Luke advised that he had told **PATEL** that a valid Ryder truck number (fleet number) as well as mileage for the vehicle, were needed

to conduct the transaction. Luke stated that he maintained telephonic contact with **PATEL** for this purpose. On occasion, the credit card numbers Luke provided to **PATEL** did not work, and **PATEL** would call Luke. Luke believed the credit card numbers had a daily limit amount and that the amount may have been reached before **PATEL** conducted the fraudulent transactions. After **PATEL** left employment with Horizon Food Mart, Luke stated that he continued the fraud with **PATEL**'s replacement, Sadiq Lakhani.

8. On or about the dates listed below, in the Western District of Arkansas, Texarkana Division and elsewhere, **JAY PATEL,** aided and abetted by Kenneth Luke and others, did knowingly and with intent to defraud, effect transactions, affecting interstate commerce, with access devices issued to other persons, and thereby received payments during a one year period the aggregate value of which was greater than $1,000.00, to wit: **JAY PATEL** used credit card account numbers belonging to Ryder Corporation to conduct unauthorized transactions at the Horizon Food Mart in Prescott, Arkansas as described for each transaction below:

| Transaction | Date | Wire Communication | Amount Claimed | Transaction # |
|---|---|---|---|---|
| **ONE** | 3/24/2011 | Comdata Fuel Purchase Transaction | $409.55 | 470925 |
| **TWO** | 3/24/2011 | Comdata Fuel Purchase Transaction | $403.14 | 471229 |
| **THREE** | 3/24/2011 | Comdata Fuel Purchase Transaction | $392.63 | 471436 |
| **FOUR** | 3/24/2011 | Comdata Fuel Purchase Transaction | $410.21 | 471623 |
| **FIVE** | 3/24/2011 | Comdata Fuel Purchase Transaction | $400.90 | 472329 |
| **SIX** | 3/24/2011 | Comdata Fuel Purchase Transaction | $404.45 | 472529 |
| **SEVEN** | 3/24/2011 | Comdata Fuel Purchase Transaction | $408.98 | 472685 |

All in violation of 18 U.S.C. §§ 1029(a)(5) and (c)(1)(A)(ii), and 18 U.S.C. § 2.

FURTHER YOUR AFFIANT SAYETH NOT:

Jeremy Ridenour
Special Agent
HSI

Sworn before me on this 23 day of March, 2015.

Barry Bryant
United States Magistrate Judge